IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| JANICE KEEN, | ) | Misc. Case. No. 3:16MC008 |
| Plaintiff, | ) | |
| v. | ) | Senior Judge Robert E. Payne |
| | ) | |
| TEVA SALES AND MARKETING, INC., and | ) | Relates to Civil Case Nos. 14 C 9626 |
| TEVA PHARMACEUTICALS USA, INC., | ) | 16 C 9964 Pending in the United |
| Defendants. | ) | States District Court for the Northern |
| | ) | District of Illinois, Eastern Division |

**PLAINTIFF'S RESPONSE TO DEFENDANT TEVA'S MOTION TO QUASH OR MODIFY THE SUBPOENA DIRECTED TO NON-PARTY SCOTT INSURANCE, OR IN THE ALTERNATIVE, DEFENDANT TEVA'S MOTION FOR A PROTECTIVE ORDER**

Janice Keen, by her attorney Thomas Brooke, responds as follows.

**NATURE OF CASE**

Plaintiff Janice Keen, employed since 2005 as a sales representative, by Cephalon, Inc., n/k/a Defendant Teva Sales and Marketing, Inc., (hereinafter "TEVA") a pharmaceutical company, filed an employment discrimination complaint in the Circuit Court of Cook County, Illinois, against TEVA alleging disability and gender discrimination and retaliation under the Illinois Human Rights Act and the Americans with Disabilities Act ("ADA")including 42 U.S.C. § 12102 (Supp. 2009). Ms. Keen further alleges that Defendant retaliated against her by terminating her after she filed charges at the Illinois Department of Human Rights and the EEOC, and for filing workers' compensation claims. Defendant subsequently removed Plaintiff's complaint from state court.

On November 17, 2016, in the course of conducting discovery, Ms. Keen duly served a subpoena seeking a number of categories of documents from James A. Scott & Son, Incorporated, doing business as Scott Insurance ("Scott Insurance Subpoena" or "Subpoena"). *See* Exhibit B – FedEx delivery confirmation of subpoena on Scott Insurance. (Ms. Keen served

1

additional subpoenas on other third parties.)  Counsel for TEVA received Ms. Keen's notice of intent to serve Scott Insurance a Subpoena on November 16, 2016.  *See* Plaintiff's Exhibit A – certificate and proof of service of subpoena served on Defendant.

On December 1, 2016, the date responses to the Subpoenas were originally due, counsel for Scott Insurance delivered its objections.  Ms. Keen and Scott Insurance reached an agreement to extend Scott Insurance's time to respond to its Subpoena (by producing documents) to December 8, 2016 ("Scott Insurance will serve all non-protected non-privileged documents responsive to the Subpoena by December 8, 2016.").  Exhibit C, Letter from Sean M. Golden, attorney for Scott Insurance.  On December 7, three weeks after the Subpoena was served and only *one day* before the deadline agreed upon by Scott Insurance and Ms. Keen for the production of documents, TEVA sent a letter to counsel for Scott Insurance notifying it of TEVA's intent to file a motion to quash the Subpoena and asking that Scott Insurance refrain from producing documents until after the Motion was ruled upon by this Court.   Also on this date, Larry Rappaport, one of TEVA's lawyers, spoke with Ms. Keen's counsel on an unrelated matter, but failed to mention the impending motion or, indeed, any desire to narrow the Subpoena topics or otherwise reach a compromise.

The next day, TEVA filed its Motion to Quash or Modify the Subpoena Directed to Scott Insurance, or in the Alternative, Motion for Protective Order and Memorandum In Support ("Motion").  Dkt. 1, 3.  (TEVA also filed a separate Motion for a Protective Order.  Dkt. 2)

TEVA mailed its Motion to Quash to Ms. Keen on December 9, 2016.  Counsel for Ms. Keen received service by U.S. Mail on December 13, 2016.  *See* Plaintiff's Exhibit E.

## ARGUMENT

Defendant TEVA's Motion must be denied for five basic reasons.

### A.   TEVA Failed to Seek, And, Indeed, Appeared to Avoid a Meet-And-Confer Prior to Filing

TEVA's Motion to Quash and, in the Alternative, for a Protective Order must be denied because TEVA failed to comply with the meet and confer requirements of both Federal Rule of Civil Procedure 26 *and* Local Civil Rule 37.

On December 9, 2016, Plaintiff was alerted[1] to Defendant TEVA's filing of the Motion in this Court--a court other than where this case is pending.[2]  On that very same day, Ms. Keen's counsel in Chicago, Illinois, Edward Theobald, personally conferred with counsel for the Defendant, Larry Rappoport, and told him that Defendant's motion to quash was deficient for a variety of reasons.[3]   In that same conversation, Plaintiff's counsel asked TEVA to withdraw the Motion in the Eastern District of Virginia and to engage in a Local Rule 37.1 conference, with any subsequent motion or objections brought before Chief Judge Castillo.  *See* Exhibit D, Letter from Mr. Theobald to Larry Rappoport.  TEVA refused.

In addition to seeking to quash the Subpoena, TEVA's Motion asks this Court for a Protective Order under Rule 26.  Rule 26 requires a meet-and-confer prior to filing a motion for a protective order.  As described above, TEVA never reached out to counsel for Ms. Keen prior to filing the motion. Indeed, one of TEVA's counsel and counsel for Ms. Keen spoke on an

---

[1] Plaintiff's Illinois counsel is not an e-filer in the Eastern District of Virginia and thus did not receive electronic delivery of the Motion when it was filed on December 8, 2016.

[2] This case is presently before Chief Judge Ruben Castillo of the United States District Court, Northern District of Illinois, Eastern Division.

[3] Those reasons, many of which are discussed herein, include that Defendant failed to timely make any objections to Plaintiff's subpoena in compliance with Rule 45 of the Federal Rules of Civil Procedure, failed to comply with the provisions of Rule 37 of the Federal Rules of Civil Procedure, which required the parties to confer regarding any disputes before filing any discovery motion; and failed to file said motion in the appropriate venue, as any motion filed by TEVA for a protective order controlling discovery should have been filed in the Northern District of Illinois, instead of Virginia.

unrelated topic *after* TEVA decided to file its Motion.  Despite this golden opportunity, TEVA's counsel did not alert Ms. Keen to its objections to the Scott Insurance Subpoena or suggest narrowing the requests.

In failing to confer with Ms. Keen regarding its grievances with the Scott Insurance subpoena prior to filing its Motion, TEVA also runs afoul of this Court's local rules.  Local Civil Rule 37 states that "No motion concerning discovery matters may be filed until counsel shall have conferred…"  As TEVA's Motion concerns Ms. Keen's discovery request to a third party, TEVA was required to follow Local Civil Rule 37.  Failing to meet-and-confer under these circumstances is grounds for dismissal.  *Flame S.A. Glory Wealth Shipping Pte Ltd. V. Indus. Carriers, Inc.,* No. 2:12-CV-658, 2014 WL 12551212, at *1 (E.D. Va. May 29, 2014) (dismissing motion to quash where moving party failed to seek meet-and-confer).

As TEVA did not meet-and-confer per the requirements of Rule 26 or Local Civil Rule 37, TEVA's Motion should be completely denied.

### B. Teva Waived any Privilege Objections by Not Making Them Within 14 Days of Service

TEVA issued no objections to Ms. Keen's Subpoena to Scott Insurance until December 8, 2016, when it filed the Motion.  This, of course, was untimely.

As discussed above, TEVA was served Plaintiff's notice of intent to serve a subpoena on Scott Insurance on November 16, 2016.  *See* Plaintiff's Exhibit A – certificate and proof of service of subpoena served on Defendant.  Under Federal Rule of Civil Procedure 45, TEVA had until November 30, 2016 to pose objections to the Scott Insurance Subpoena to Ms. Keen.  Fed. R. Civ. P. 45(c)(2)(B).  TEVA missed its chance, and this Court should deny it the opportunity to make untimely and inappropriate objections.  *See Ott v. City of Milwaukee*, 682 F3d 552, 557 (7th Cir. 2012) (Fed. R. Civ. P. 45(c)(2)(B) requires objecting party to object before earlier of

time specified for compliance or 14 days after subpoena is served); *Alexander v. FBI*, 186 FRD 21 (D.D.C. 1998) (failure to serve written objections to subpoena according to Fed. R. Civ. P. 45(c)(2)(B) constitutes waiver of such objections). Defendant's untimely objections are waived.

### C. TEVA Lacks Standing to Object Except to Privileged Communications

Not only are TEVA's objections untimely and at odds with the appropriate rules, they are substantively inappropriate.

TEVA has no standing to object to the Scott Insurance Subpoena as "over-broad and disproportional to the matter at hand," "not definitely limit[ed in] scope," "irrelevant," "unduly burdensome," "fail[ing] to allow reasonable amount of time," and "deficient," or on the grounds that the Subpoena is "beyond the geographical limits specified in Rule 45 (c)." See Defendant's motion to quash ¶20. Quite simply, TEVA lacks standing to make these objections. *See Flame*, 2014 WL 12551212, at *1.

A party has no standing to quash a subpoena issued to a non-party unless a party claims a personal right or privilege with regard to the documents sought, such as privileged conversation or privileged records. *See Biedrzycki v. Town of Cicero*, No. 04 C 3277, 2005 U.S. Dist. Lexis 16423 at * 8 (J. Valdez N.D. Ill. Aug. 8, 2005); *Kessel v. Cook County*, 2002 U.S. Dist. LEXIS 4185, 2002 WL 398506 at *2 (N.D. Ill. 2002) (citation omitted). However, a party has standing to move to quash a subpoena addressed to a non-party if the subpoena affects the movant's "legitimate interests," including privilege. *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (emphasis added), cert. denied, 459 U.S. 1035, 74 L. Ed. 2d 601, 103 S. Ct. 446 (1982). *See also United States v. Segal*, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003); *United States v. Bodkins*, 2004 U.S. Dist. LEXIS 22406, 2004 WL 2491615 at *3 (W.D.Va. 2004).

To the extent TEVA's objections are not time-barred, then, the only legitimate objections it may pose to the Subpoena are rooted in privilege.

### i.  Scott Insurance Has Not Moved to Quash the Subpoena

Scott Insurance has agreed to provide "all non-protected, non-privileged documents responsive to the Subpoena by December 8, 2016." It has not moved to quash or offered to provide any privileged materials. TEVA has no standing to object or, frankly any authority whatsover, to tell Scott Insurance to refuse to provide the non-privileged materials Scott Insurance agreed to produce. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 FRD 426, (M.D. Fla. 2005) (no standing to bring motion to quash a subpoena to a third parties under Fed. R. Civ. P. 45 on grounds of relevance, oppressiveness, and undue burden).

### ii.  Defendant Teva Has No Specific Privileges Alleged / No Privilege Log

Yet, even TEVA's privilege claims, while conceptually valid, are, under the present facts, deficient. Each of TEVA's vague claims of attorney-client privilege are unsupported with facts and are not accompanied by a privilege log. *Kai USA Ltd. v. Camillus Cutlery Co. (In re Kroll)* (E.D.N.Y. 2004), 224 FRD 326, 59 Fed R Serv 3d (Callaghan) 1225 (motion to quash denied because attorney failed to prepare privilege log ); *Ferko v. NASCAR* (E.D. Tex. 2003), 219 FRD 396 (blanket assertions of work-product protection insufficient to warrant quashing subpoena).

In its Motion, TEVA mischaracterizes Scott Insurance's role in the underlying litigation in the Northern District of Illinois. Scott Insurance fielded Ms. Keen's reports of injuries and requests for accommodations or FMLA requests and, as such, was not involved in privileged communications with TEVA. *See* Plaintiff's Ex. F Scott Insurance correspondence.

*See also* Plaintiff's Exhibit F Documents exchanged between TEVA and Ms. Keen.

Significantly, TEVA and Scott Insurance did not have an insurer-insured privilege relationship and no document filed by TEVA suggests the contrary.  For example, the certificate of business for TEVA's parent company does not list Scott Insurance as an insurer.  *See* Plaintiff's Exhibit G Certificate of Insurance for Cephalon n/k/a Teva Sales and Marketing Inc.  TEVA's arguments that Scott Insurance "maintains voluminous trial preparation and attorney work product materials as well as attorney client communications, common interest and insurer-insured privileged and other privileged, confidential and irrelevant materials related to Keen's workers compensation matters, an auto insurance claim, and her employment litigation spanning a number of years" are unsupported.  *See* Rule 45(d)(2) ("A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must expressly make the claim; and describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.")  *See also Ott v. City of Milwaukee*, 682 F3d 552, 558 (7th Cir. Wis. 2012).

Even if there were a privileged relationship between Scott Insurance and TEVA (there was and is not), TEVA's complete failure to provide the required privilege log forestalls it from claiming privilege at this juncture.  *See Ferko v. NASCAR* (E.D. Tex. 2003), 219 FRD 396 (blanket assertions of work-product protection insufficient to warrant quashing subpoena).

### iii.     Jurisdiction Is Proper Where the Case is Pending – Illinois

Finally, *crucially*, TEVA has no standing to file a motion for a protective order in a foreign jurisdiction regarding a subpoenathat was issued to a third party.  Such a motion, if properly filed in accordance with the Federal Rules of Civil Procedure should have been brought before Chief Judge Ruben Castillo, where the case is pending.  That court should be the judge

that opines on a discovery issue involving a case under its charge. It is a waste of this Court's time and previous resources to involve it in this matter.

Federal Rule 45(f) provides authority for this court to transfer the motion, including an application under Rule 45(e)(2)(B) for a privilege determination, to the court where the action is pending.. Indeed, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas." Here, Scott Insurance,the subpoenaed entity, did not file a motion to quash and agreed to produce non-privileged documents to Ms. Keen.

TEVA is already litigating this case in the Northern District of Illinois, negating any burden on TEVA, and a transfer of this motion would avoid disrupting the issuing court's management of the underlying litigation.

## CONCLUSION

For all the reasons discussed and argued above, Ms. Keen respectfully requests this Court deny TEVA's Motion or, at minimum, transfer the Motion to the Northern District of Illinois, where the underlying case is pending.

                               Respectfully Submitted,
                               Janice Keen, Plaintiff

                       By:    <u>s/ Thomas W. Brooke</u>
                                Thomas W. Brooke, attorney for plaintiff

**Thomas Brooke**
**VSB No. 32388**
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 663-7271
thomas.brooke@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court for the Eastern District of Virginia – Richmond Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

S/ Thomas W. Brooke
**Thomas W. Brooke**
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 663-7271